[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff originally brought this action against the defendant, G-WZ of Stamford, Inc. d/b/a Mediplex of Stamford ("Mediplex") for injuries allegedly sustained on April 28, 1994. The plaintiff commenced its action by writ, summons and complaint dated November 7, 1995, with a return date of December 5, 1995. CT Page 1110
On October 17, 1996, Mediplex served a third party complaint, with a return date of November 5, 1996, seeking apportionment against Staff Builders Services, Inc. ("Staff Builders") and Ruby Leach ("Leach"). On December 18, 1996, the plaintiff filed an amended complaint, asserting a direct claim against Staff Builders and Leach.
Presently before the court is the defendants' (Staff Builders and Leach) motion for summary judgment on the grounds that the direct action is barred by the statute of limitations. They argue that the apportionment complaint against them was untimely pursuant to the apportionment statute, General Statutes §52-102b, and the direct action was brought beyond than the two year statute of limitations provided by General Statutes §52-584.
The plaintiff objects to the motion for summary judgment, arguing that "a direct action against a third party defendant should not be found to be time barred solely because the apportionment complaint was not filed within the statutory time limits." It is undisputed that the plaintiff's direct action was brought within the requisite sixty (60) days after the apportionment complaint.
This court, sua sponte, dismisses the apportionment complaint since it was brought beyond the 120 days of the return date on the plaintiff's complaint as prescribed by General Statutes §52-102b. This time limitation is a "jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." Ecker v. West Hartford, 205 Conn. 219,232, 530 A.2d 1056 (1987).
"In deciding whether a time limitation contained within a statute is subject to waiver, we must determine whether the limitation is substantive or procedural in nature. . . . A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the CT Page 1111 liability itself, and not of the remedy alone. . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted; internal quotation marks omitted.) Id.
Since the apportionment complaint has been dismissed, the plaintiff's direct action against the apportionment defendants is barred by the statute of limitations. General Statutes §52-584 provides that an action to recover for negligence must be brought within two years of the injury. Since the apportionment complaint has been dismissed, the plaintiff must bring any claim within the two year statute of limitations. Here, the plaintiff is asserting a claim against the moving defendants beyond the two year statute of limitations. Therefore, the defendants' motion for summary judgment is granted.
In summary, then, this court, sua sponte, dismisses the apportionment complaint since it was brought beyond the 120 days of the return date on the plaintiff's complaint as prescribed by General Statutes § 52-102b(a). Since the apportionment complaint has been dismissed, the plaintiff's direct action against the apportionment defendants is barred by the statute of limitations and the motion for summary judgment is granted.
D'ANDREA, J.